IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          **Plaintiff,**

v.

2022 YAMAHA 252X
RECREATION BOAT, et al.,

          **Defendants.**

Case No. 23-CV-223-SEH-SH

## OPINION AND ORDER

Before the Court is Plaintiff's Unopposed Motion for Stay of Civil Forfeiture Proceedings. [ECF No. 83]. For the reasons stated below, the Court denies the motion.

### I. Discussion

Plaintiff brings this unopposed motion to stay proceedings pursuant to 18 U.S.C. § 981(g)(1). That statute provides: "Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." *Id.*

With respect to whether there is a "related criminal case," the Court finds that the case of *United States v. Navin Khanna et al.*, No. 22-cr-348 (N.D. Okla.) is a related criminal case. Several facts support this conclusion:

- Plaintiff filed a Notice of Related Case as to Case No. 22-cr-348. [ECF No. 4];

- Several defendants in the criminal case have filed claims in this civil case. *Compare* Case No. 23-cv-223 [ECF Nos. 7, 13, 19, & 25] *with* Case No. 22-cr-348 [ECF No. 2].

- The property that the government seeks to forfeit in the civil and criminal cases is related. *Compare* Case No. 23-cv-223 [ECF No. 2] *with* Case No. 22-cr-348 [ECF No. 161].

With respect to the question of whether this civil forfeiture proceeding "will adversely affect the ability of the Government to conduct" the prosecution of Case No. 22-cr-348, the Tenth Circuit has not directly addressed the level of "specificity with which [the government] must show that the civil discovery will adversely affect" a prosecution. *United States v. $68,145.34 Held in Bellco Credit Union Bank Account #XXXXXXXX*, No. 18-cv-03208-WJM-KLM, 2020 WL 353115, at *3–4 (D. Colo. Jan. 17, 2020) (collecting cases). Upon review of the available authorities, the Court agrees with the approach taken in *$68,145.34 Held in Bellco Credit Union Bank Account #XXXXXXXX*. Namely, "that something more than generalized speculation is required to meet the statutory standard" for a stay. *Id.* at *4. In this case, Plaintiff does not provide *any* information about *how* the civil forfeiture proceeding "will adversely affect the ability of the Government to

conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Without any information on adverse impacts, the Court cannot grant a stay under § 981(g)(1).

## II.  Conclusion

For the reasons stated above, the motion filed at [ECF No. 83] is DENIED. The Court notes, however, that nothing in this order prevents Plaintiff from filing a subsequent motion for stay under 18 U.S.C. § 981(g)(1).

**IT IS SO ORDERED** this 15th day of August, 2024.

*Sara E. Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE